MERRITT LEACH

*v.*

HARRIET G. LEACH.

[Decided July 11th, 1905.]

Under the Chancery act providing that when money is paid into court on foreclosure proceedings, the owner of any estate for life may apply for payment of a gross sum in lieu of the estate, consent of the remainderman is not required, but only that of the owner of the estate for life.

---

On bill, answer and cross-bill, replication and proofs.

*Mr. James Steen,* for the complainant.

*Mr. Arthur Lovell,* for the defendant.

EMERY, V. C.

On the bill and cross-bill in this case, husband and wife contested the ownership of lands to which the wife held the legal title by deed subsequent to the marriage. At the hearing I decided that the lands belonged to the wife. The lands comprised two lots, and pending the suit one of the lots was sold in foreclosure proceedings on a mortgage given by both husband and wife, and the surplus after paying the mortgage, being about

$550, has been paid into court. The husband now contests the immediate payment of any portion of this money to the wife. The marriage took place in 1878, and issue was born, a daughter, who is still living. Under the decisions declaring the effect of our statutes relating to the real estate of married women, the respective interests of the husband and wife in the land sold, and its proceeds, are as follows: The wife has an estate for her life in the lands, with remainder to the husband for his life, if he survive the wife, and with remainder over to the wife in fee. *Ross* v. *Adams, 28 N. J. Law (4 Dutch.) 160, 179 (Supreme Court, 1859)* ; *Doremus* v. *City of Paterson, supra, p. 188 (Vice-Chancellor Stevens, 1904).* The latter case reviews all the previous cases and shows the present status very clearly. Under the Chancery act *(P. L. 1902 p. 531 § 60)*, when money is paid into court on foreclosure proceedings, the owner of any estate for life may apply for the payment of a gross sum in lieu of the estate, and the court "shall direct the payment of such gross sum as shall be deemed a just and reasonable satisfaction for such estate for life, and which the person entitled shall consent in writing to accept in lieu thereof." The section further provides that if no consent be given, the court is to determine the proper sum to be invested for the benefit of the person entitled to the life estate, and direct its investment. In this case the wife applies for the immediate payment to her of all the money to which she is entitled, but the husband does not consent to the payment of any of the money to the wife, or to take any gross sum in lieu of his interest. As to the payment to the wife of a gross sum in lieu of her life estate, the statute does not require the consent of the persons interested in remainder, and this amount may be calculated according to the usual rules and paid to the wife. The balance must be invested during the lives of the husband and wife, for the benefit of the wife during their joint lives, and for the further benefit of the husband during his life, if he survive the wife. On the death of the husband during the wife's life, she will be entitled to the principal sum invested. The wife's formal consent in writing required by the statute must be filed.